**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the benefit of the registered holders of JPMBB Commercial Mortgage Securities Trust 2015-C27, Commercial Mortgage Pass-Through Certificates, Series 2015-C27, acting by and through its special servicer, LNR Partners, LLC,

Plaintiff,

v.

15 WEST 55TH ST. PROPERTY LLC; SALIM ASSA; STEVEN FINKELSTEIN; MARILYN FINKELSTEIN; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY CRIMINAL COURT; and JOHN DOES # 1 – 50, said John Doe defendants being fictitious and unknown to Plaintiff, it being intended to name all other parties who may have some interest in or lien upon the premises sought to be foreclosed,

Defendants.

Case No.: 1:23-cv-00524 (JHR)

**STIPULATION**

**WHEREAS**, on January 20, 2023, Plaintiff Wells Fargo Bank, National Association, as trustee for the registered holders of JPMBB Commercial Mortgage Securities Trust 2015-C27, Commercial Mortgage Pass-Through Certificates, Series 2015-C27 ("Plaintiff"), acting by and through its Special Servicer, LNR Partners, LLC, commenced this commercial foreclosure and guaranty enforcement action (the "Action") by filing the Complaint (ECF No. 1) (the "Complaint") against, *inter alia*, Defendants 15 West 55th St. Property LLC ("Borrower"); Salim Assa, Steven Finkelstein, and Marilyn Finkelstein (each, a "Guarantor," collectively, "Guarantors") (Borrower and Guarantors are collectively referred to as "Borrower Defendants"; and each of Borrower Defendants and Plaintiff, or any one of them, are referred to herein as a "Party"; and collectively referred to as the "Parties."

**WHEREAS**, in Plaintiff's Complaint, the First Cause of Action sought foreclosure of the commercial mortgage securing the $73 million loan (the "Loan") at issue (the "Foreclosure Claim"); the Second, Third, and Fourth Causes of Action seek partial and full recourse against Guarantors under a Guaranty of Recourse Obligations of Borrower (collectively, the "Recourse Claims"); and the Fifth Cause of Action seeks recovery against Guarantors under a separate Payment Guaranty (the "Payment Guaranty Claim"; and together with the Recourse Claims, collectively, the "Guarantor Claims");

**WHEREAS**, Borrower Defendants were duly served with the Summons and Complaint;

**WHEREAS**, on July 12, 2023, the Court approved a Stipulation (ECF No. 38) among the Parties, pursuant to which, among other things, (i) Borrower Defendants consented to all of the relief sought with respect to the Foreclosure Claim, (ii) Borrower Defendants withdrew their motion, filed on June 23, 2023, seeking dismissal of the Recourse Claims in whole or in part (ECF Nos. 33-35) (the "Motion for Partial Dismissal"); and (iii) the time for Guarantors to answer or otherwise respond to the Guarantor Claims was extended;

**WHEREAS**, on or about September 25, 2023, the Parties requested the Court's approval and entry of a Stipulation Consenting to Final Judgment of Foreclosure and Sale (the "Foreclosure Stipulation") and consensual Judgment of Foreclosure and Sale (the "Foreclosure Judgment"), and requested adjournment of litigation of the Guarantor Claims until after the Court entered the proposed Foreclosure Judgment (*see* ECF Nos. 39, 39-1, 39-2);

**WHEREAS**, on or around January 22, 2024, the Court approved the Foreclosure Stipulation and entered the Foreclosure Judgment (ECF No. 43 (So-Ordered Foreclosure Stipulation and entered Foreclosure Judgment)), among other things, granting judgment to Plaintiff on the Foreclosure Claim against Borrower in the amount of $88,260,179.77, plus additional

amounts as and to the extent set forth in the Foreclosure Judgment, and authorizing the sale of the mortgaged property (as defined in the Foreclosure Judgment, the "Property") by a Court-appointed referee;

**WHEREAS**, during the pendency of this Action, the Parties have engaged in a cooperative, good-faith dialogue to address alleged conditions at the Property while exploring potential resolutions that might avoid proceeding with a foreclosure sale or protracted litigation concerning the Guarantor Claims;

**WHEREAS**, in consideration of the Parties' ongoing dialogue and efforts toward reaching a resolution, the Parties sought, and the Court granted, multiple adjournments of the Guarantors' time to respond to the Guarantor Claims (*see* ECF Nos. 37-1, 38, 40-1, 41, 45-1, 46, 47-1, 48, 54-1, 55, 56-1, 57, 60-1, 61); the last of which extended Guarantors' time to answer or respond to the Guarantor Claims to September 9, 2025, and specified that the September 9, 2025 deadline "will not be further extended" (ECF No. 61, at 1);

**WHEREAS**, the Parties wish to continue their efforts to address alleged property-level issues and explore potential resolutions to the defaulted Loan before proceeding with a foreclosure sale and without simultaneously engaging in litigation of the Guarantor Claims;

**WHEREAS,** the Parties therefore wish to formally postpone further legal proceedings with respect to the Guarantor Claims at this time, without prejudice to and with the express understanding and agreement that, to the fullest extent possible under law, (i) the Foreclosure Judgment remains in full force and effect and may be enforced by Plaintiff at any time, in its sole discretion, and nothing herein shall impair or prejudice the relief and rights awarded to Plaintiff under the Foreclosure Judgment in any way, (ii) Plaintiff may reinstitute or pursue the Guarantor Claims against Guarantors, based on the same or different grounds, in this Action or a separate

action, in Plaintiff's sole discretion (and where necessary, with leave of this Court), in which case the Parties shall be permitted to assert or rely on all arguments, claims or defenses that were available to such Party as of the date hereof and could have been asserted by such Party in this litigation; (iii) subject to and in accordance with the Foreclosure Judgment and Section 1371 of the New York Real Property Actions and Proceedings Law ("RPAPL"), Plaintiff may pursue in this Action judgments against Borrower Defendants for any deficiency remaining after the foreclosure sale of the Property ("Deficiency Claims");

**WHEREAS**, the Parties have therefore agreed to discontinue without prejudice the Guarantor Claims, to avoid further adjournment requests, preserve the Parties' claims and defenses, and allow continued efforts to address Property issues and explore resolution of the defaulted Loan;

**WHEREAS**, on September 9, 2025 and on September 15, 2025, the Parties submitted letter motions and a proposed stipulation to the Court seeking a brief period of time to finalize and submit to the Court the instant Stipulation with respect to the Guarantor Claims and related tolling agreement (ECF Nos. 62, 65);

**WHEREAS**, on September 15, 2025, the Court set October 9, 2025 as the deadline for the Guarantors to answer, move, or otherwise respond to the Guarantor Claims, and for the Parties to submit the instant Stipulation as contemplated in their September 9, 2025 letter (ECF No. 66) (the "September 15 Order");

**WHEREAS**, in accordance with the Court's September 15 Order, the Parties hereby submit this Stipulation adjourning litigation of the Guarantor Claims and respectfully request that it be So-Ordered by the Court;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel, as follows:

1. The above recitals are hereby incorporated into this Stipulation and are binding on the Parties.

2. The Guarantor Claims in this Action are discontinued without prejudice.

3. For the avoidance of doubt, the Parties agree and acknowledge that the Guarantor Claims have not been resolved or settled, and this Stipulation shall not be construed to constitute a waiver or relinquishment of the Guarantor Claims or any of Plaintiff's rights, remedies, causes of action, or claims against Guarantors.

4. For the avoidance of doubt, none of the Borrower Defendants, including the Guarantors, are dismissed or discontinued from this Action, and Borrower Defendants shall remain as named defendants for all purposes necessary to give full effect to the relief and rights awarded under the Foreclosure Judgment.

5. Plaintiff shall have the right to assert and prosecute the Guarantor Claims for the maximum time permitted under law (which period is further subject to an Agreement to Toll Statute of Limitations among the Parties (the "Tolling Agreement"), attached hereto as **Exhibit A**, agreeing to toll the limitations period with respect to the Guarantor Claims that are alleged in the Complaint against Guarantors for a defined tolling period), including, among other things, if appropriate, to seek leave to amend the Complaint in this Action to reinstate or reassert the Guarantor Claims (and Borrower Defendants hereby consent in advance to any such motion for leave to amend).

6. In addition to and without limiting anything herein, Plaintiff shall have the express right to pursue the Guarantor Claims and any Deficiency Claims, in a separate action filed in any

court of competent jurisdiction, and this Court expressly grants leave for Plaintiff to commence any such action pursuant to Section 1301(3) of the RPAPL. The commencement of any such separate action shall not be deemed a discontinuance of this Action. Borrower Defendants expressly waive any defense or objection to any such separate action based upon the one-action rule codified under Section 1301(3) of the RPAPL, Section 3211(a)(4) of the New York Civil Practice Law & Rules ("CPLR"), or any similar rule or statute.

7. In addition to and without limiting the foregoing, Borrower Defendants acknowledge all relief and rights awarded in favor of Plaintiff in connection with the Foreclosure Judgment, including without limitation the right to schedule and conduct a foreclosure sale of the Property through the Court-appointed referee and the right, pursuant to Paragraph 11 of the Foreclosure Judgment and Section 1371 of RPAPL, to pursue in this Action Deficiency Claims against Borrower Defendants. Nothing herein shall affect any of the relief or rights granted to Plaintiff in connection with the Foreclosure Judgment, all of which are expressly preserved.

8. Borrower Defendants agree to execute and deliver such further stipulations, instruments, and documents, and take such additional actions as may be reasonably necessary, to give full effect to this Stipulation.

9. This Court shall retain jurisdiction to enforce this Stipulation and the Tolling Agreement attached hereto as Exhibit A.

10. This Stipulation may be executed in counterparts and exchanged via facsimile and/or electronic means. Facsimile or electronic signatures shall be deemed as originals for all purposes.

Dated: New York, New York
October 9, 2025

**VENABLE LLP**

By: */s/Rishi Kapoor*
Rishi Kapoor
Arie Peled
151 W. 42nd Street, 49th Floor
New York, NY 10036
Telephone: (212) 307-5500
Fax: (212) 307-5598

*Attorneys for Plaintiff*

Dated: New York, New York
October 9, 2025

**MORRISON COHEN LLP**

By: */s/David E. Ross*
Y. David Scharf
David E. Ross
909 Third Avenue
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708

*Attorneys for Borrower Defendants*

The Clerk of Court is directed not to close this case.

ORDERED AND ADJUDGED, this 14th day of October, 2025

Jennifer H. Rearden
HON. JENNIFER H. REARDEN
United States District Judge



67945856

# EXHIBIT A

(Tolling Agreement)

# AGREEMENT TO TOLL STATUTE OF LIMITATIONS

This Agreement to Toll Statute of Limitations (this "Tolling Agreement" or "Agreement") is made as of October 8, 2025 (the "Effective Date") and entered into by and between Wells Fargo Bank, National Association, as Trustee for the benefit of the registered holders of JPMBB Commercial Mortgage Securities Trust 2015-C27, Commercial Mortgage Pass-Through Certificates, Series 2015-C27, acting by and through its special servicer, LNR Partners, LLC ("Lender"), on the one hand, and 15 West 55th St. Property LLC ("Borrower"), Salim Assa ("Assa"), Steven Finkelstein ("S. Finkelstein"), and Marilyn Finkelstein ("M. Finkelstein," and together with Assa and S. Finkelstein, collectively, "Guarantors"; Borrower and Guarantors are collectively referred to as "Borrower Parties"), on the other hand. Lender and Borrower Parties are collectively referred to within this Tolling Agreement as the "Parties."

WHEREAS, on or about January 13, 2015, Barclays Bank PLC ("Original Lender") made a loan to Borrower in the original principal amount of $73,000,000 (the "Loan"), which Loan is (i) evidenced by an Amended, Restated and Consolidated Promissory Note dated January 13, 2015(as amended or modified, the "Note"), (ii) secured by, among other things, an Amended, Restated and Consolidated Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated January 13, 2015 (as amended or modified, the "Mortgage") encumbering certain real and personal property located at 15 West 55th Street, New York, NY 10019 (the "Property"), and (iii) governed by a Loan Agreement dated January 13, 2015 (as amended or modified, the "Loan Agreement," and together with the Note, Mortgage, and all other documents and agreements created in connection with the Loan, as amended or modified, the "Loan Documents"); and

WHEREAS, as an inducement for Original Lender to make the Loan and to further secure repayment of the Loan, Guarantors executed and delivered a Guaranty of Recourse Obligations of Borrower dated as of January 13, 2015 (as amended or modified, the "Recourse Guaranty"), in favor of Original Lender, its successors and assigns; and

WHEREAS, in or about February 2015, Original Lender transferred its interest in and to the Loan and Loan Documents to Lender, and the Loan and Loan Documents are currently held by Lender; and

WHEREAS, Lender, Borrower, and Guarantors entered into a Loan Modification Agreement dated as of January 11, 2021 (as amended or modified, the "Modification Agreement"); and

WHEREAS, in connection with and to induce Lender to enter into the Modification Agreement, Guarantors executed a Payment Guaranty dated as of January 11, 2021 in favor of Lender (as amended or modified, the "Payment Guaranty"); and

WHEREAS, on or around January 20, 2023, Lender commenced an action against the Borrower Defendants in the U.S. District Court for the Southern District of New York, captioned *Wells Fargo Bank, N.A., as Trustee v. 15 West 55th St. Property LLC, et al.*, Case No. 1:23-cv-00524 (JHR) (S.D.N.Y.) (the "Pending Action"); and

WHEREAS, in Plaintiff's Complaint in the Pending Action, the First Cause of Action sought foreclosure of the Mortgage (the "Foreclosure Claim"); the Second, Third, and Fourth Causes of Action seek partial and full recourse against Guarantors under the Recourse Guaranty (collectively, the "Recourse Claims"); and the Fifth Cause of Action seeks recovery against Guarantors under the Payment Guaranty (together with the Recourse Claims and any other claims or causes of action against Guarantors under the Recourse Guaranty or Payment Guaranty, collectively, the "Guarantor Claims"); and

WHEREAS, on or about January 22, 2024, at the Parties' request, the Court in the Pending Action approved the entry of a consensual Judgment of Foreclosure and Sale (the "Foreclosure Judgment") granting judgment to Plaintiff on the Foreclosure Claim against Borrower in the amount of $88,260,179.77, plus additional amounts as and to the extent set forth in the Foreclosure Judgment, and authorizing the sale of the mortgaged property (as defined in the Foreclosure Judgment, the "Property") by a Court-appointed referee, and severed the Guarantor Claims; and

WHEREAS, during the pendency of this Action, the Parties have engaged in a cooperative, good-faith dialogue to address alleged conditions at the Property while exploring potential resolutions that might avoid proceeding with a foreclosure sale or protracted litigation concerning the Guarantor Claims; and

WHEREAS, the Parties wish to adjourn litigation of the Guarantor Claims and discontinue the Guarantor Claims in the Pending Action without prejudice, while preserving all of Lender's rights and remedies in connection with the Guarantor Claims and Foreclosure Judgment, including, without limitation, Lender's right to pursue or litigate the Guarantor Claims in the Pending Action or in a separate action; and

WHEREAS, the Parties understand that the law imposes time limits for filing litigation, called statutes of limitation, and that there are certain exceptions thereto; and

WHEREAS, in order to protect against the possible expiration of the relevant statutes of limitations in connection with the Guarantor Claims, the parties have agreed to enter into this Tolling Agreement to preserve from the Effective Date through the end of the Tolling Period (hereinafter defined) the Guarantor Claims and to toll and suspend the applicable statutes of limitations as set out herein;

WHEREAS, this Tolling Agreement is being attached and submitted to the Court in the Pending Action as Exhibit A to a Stipulation among the Parties discontinuing the Second through the Fifth Causes of Action against Guarantors (the "Stipulation") for purposes of retaining jurisdiction to enforce this Tolling Agreement;

NOW, THEREFORE, in consideration of the mutual promises of the Parties, which consideration the Parties agree is sufficient in all respects, the Parties agree as follows:

1. Tolling. The running of any applicable statute of limitations or repose with respect

to the Guarantor Claims (as well as any claims for judgments for any deficiency remaining after the foreclosure sale of the Property against Borrower Parties that may be asserted against Borrower Parties ("Deficiency Claims") pursuant to Section 1371 of the New York Real Property Actions and Proceedings Law ("RPAPL")), is hereby tolled and suspended from the Effective Date through and including October 8, 2029 (the "Tolling Period"). The time period during which this Agreement remains in effect shall not be included for purposes of calculating any such limitation period. Borrower Parties agree not to assert any statute-of-limitations, repose, or laches defense based on the passage of time during the Tolling Period. Upon expiration or termination of the Tolling Period or this Agreement, all applicable limitation periods shall resume running, and any claim timely brought thereafter shall not be time-barred by reason of the time elapsed during the Tolling Period. The Tolling Period may be extended only by written agreement executed by the Parties.

2. Preservation of Rights. Nothing in this Agreement or in the circumstances which gave rise to this Agreement shall:

a. affect any claim or defense other than the Guarantor Claims or Deficiency Claims, all of which shall be preserved regardless of delay, including, without limitation, Lender's Foreclosure Claim and any and all relief and rights awarded in connection with the Foreclosure Judgment entered in the Pending Action;

b. be construed as an acknowledgement or admission by any Party that any of the Guarantor Claims have or have not heretofore been barred, or are about to be barred, by the statute of limitations, laches, or other defense based upon the lapse of time;

c. operate as an admission of liability by any Party with respect to any claim (including, without limitation, the Guarantor Claims); or

d. impair, limit, or affect in any way the Foreclosure Judgment entered in the Pending Action or any of Lender's rights or remedies thereunder, including the right to conduct a foreclosure sale and to seek a deficiency judgment pursuant to RPAPL § 1371.

3. Borrower Parties' Covenant and Acknowledgment of Obligations. Borrower Parties acknowledge and agree that the Loan Documents, the Recourse Guaranty, and the Payment Guaranty are valid, binding, and enforceable obligations. Borrower Parties affirm that none of them, individually or collectively, shall assert, and all of them hereby waive and relinquish, any argument that Lender's delay in commencing or pursuing litigation to enforce the Recourse Guaranty or Payment Guaranty during the Tolling Period, or any other action or any inaction on the part of Lender, constitutes laches, waiver, or other equitable defense against any liability under or right to recovery and collection under the Recourse Guaranty or Payment Guaranty.

4. Governing Law. This Agreement and the covenants and obligations of the Parties, as well as all claims arising out of, relating to, or involved in this Agreement in any way, shall be governed by the laws of the State of New York without regard to the principles of conflicts of

laws. The Parties consent to the exclusive jurisdiction of the United States District Court for the Southern District of New York (or, if such court lacks jurisdiction, the Supreme Court of the State of New York, County of New York) for enforcement of this Agreement.

5. Notices. Any and all notices required or permitted to be given under this Agreement shall be in writing and delivered in accordance with the notice provisions of the Loan Documents.

6. Binding Effect. The Agreement shall be binding on and inure to the benefit of the Parties and their respective assignees, successors, beneficiaries or heirs at law.

7. Entire Agreement. This Agreement constitutes the entire agreement between the Parties pertaining to the subject matter contained herein and supersedes all prior and contemporaneous agreements, representations and understanding of the Parties, whether written or oral. There are no other covenants, agreements, promises, terms, provisions, conditions, undertakings or understandings, either oral or written, concerning the Agreement.

8. Construction. The Parties acknowledge that this Agreement was jointly negotiated and drafted with the advice of counsel. This Agreement shall not be contradicted, explained or supplemented by any prior or contemporaneous written or oral statements, proposals or representations. The terms of this Agreement are contractual and not mere recitals and no representations have been made which are not contained herein. In the event of a dispute concerning the interpretation of any provision of this Agreement or any related document, no presumption or rule of construction against the drafting Party shall apply in any interpretation of this Agreement.

9. Amendments and Waivers. No supplement, modification or amendment of this Agreement shall be binding unless in writing executed by all Parties. No waiver of any provision of this Agreement shall be binding, nor shall it constitute a waiver of any other provision, whether or not similar, or constitute a continuing waiver, unless expressly stated in writing and executed by the Party making the waiver.

10. Representations and Authority. Each Party represents, warrants and agrees that: (i) he/she/it is fully aware and clearly understand all of the terms and provisions contained in this Agreement; (ii) he/she/it has voluntarily, with full knowledge and without coercion or duress of any kind, entered into this Agreement and the documents executed in connection with this Agreement; (iii) he/she/it is not relying on any representation, either written or oral, express or implied, made to them by any person other than as set forth in this Agreement; (iv) the consideration received by him/her/it to enter into this Agreement and the arrangement contemplated by this Agreement has been actual and adequate; and (v) the individual signing this Agreement on behalf of such Party has full power and authority to bind such Party.

11. Counterparts. This Agreement may be executed in one or more counterparts, each of which together shall constitute one and the same original Agreement. Facsimile, electronic (e-mail or PDF) and photocopies of this Agreement shall be considered originals for all purposes, including, but not limited to, any court proceedings.

IN WITNESS HEREOF, the Parties have executed this Agreement to be effective as of October 8, 2025.

**LENDER:**

**WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF JPMBB COMMERCIAL MORTGAGE SECURITIES TRUST 2015-C27, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-C27**

By: LNR Partners, LLC, a Florida limited liability company, as attorney-in-fact

By: ______________________
Name: Brett Mann
Title: Vice President

**BORROWER:**

**15 WEST 55TH ST. PROPERTY LLC,**
a Delaware limited liability company

By: ______________________
Name: STEVE FINKELSTEIN
Title: MEMBER

**GUARANTORS:**

______________________
**SALIM ASSA**, an individual

______________________
**STEVEN FINKELSTEIN**, an individual

______________________
**MARILYN FINKELSTEIN**, an individual



67945856